UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury B-21-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:22-CR-31 (VAB) |
| v. | VIOLATION: |
| ALEXANDRE BEAUDRY,<br>   a/k/a AlpraKing<br>   a/k/a BenzoChems<br>   a/k/a Quantik<br>   a/k/a QuantikXanax<br>   a/k/a Montfort<br>   a/k/a Exilus<br>   a/k/a Evolyx | 21 U.S.C. §§ 846; 841(a)(1);<br>841(b)(1)(B)(vi); 841(b)(1)(C); and 841(b)(2)<br>(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances and Controlled Substance Analogues) |

MAR 30 2022 PM4:52
FILED - USDC - BPT - CT

## SUPERSEDING INDICTMENT

The Grand Jury charges:

## BACKGROUND

1.  The substance N-(1-phenethylpiperidin-4-yl)-N-phenylbutyramide, also known as N-(1-phenethylpiperidin-4-yl)-N-phenylbutanamide, is commonly known as butyryl fentanyl and shall be referred to as "butyryl fentanyl" throughout this Indictment. It is a Schedule I Controlled Substance as of May 12, 2016 and an analogue of fentanyl (N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide). Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

2.  The substance 3,4-dichloro-N-[2-(dimethylamino)cyclohexyl]-N-methylbenzamide is commonly known as U-47700 and shall be referred to as "U-47700" throughout this Superseding Indictment. It is a Schedule I Controlled Substance as of November 14, 2016. Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

3.  The substance N-(1-phenethylpiperidin-4-y1)-N-phenylfuran-2-carboxamide is commonly known as furanyl fentanyl and shall be referred to as "furanyl fentanyl" throughout this Indictment. It is a Schedule I Controlled Substance as of November 29, 2016 and an analogue of fentanyl (N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide). Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

COUNT ONE
(Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances and Controlled Substance Analogues)

4.  Paragraphs 1 to 3 are incorporated by reference.

5.  From approximately October 2015 through on or about October 2017, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant, ALEXANDRE BEAUDRY, a/k/a AlpraKing, a/k/a BenzoChems, a/k/a Quantik, a/k/a QuantikXanax, a/k/a Montfort, a/k/a Exilus, a/k/a Evolyx ("BEAUDRY"), and others known and unknown to the Grand Jury, did knowingly and intentionally conspire together and with one another to distribute, and to possess with the intent to distribute, controlled substances and controlled substance analogues, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

6.  An object of the conspiracy with respect to the defendant BEAUDRY was the possession with intent to distribute and the distribution of controlled substances and controlled substance analogues, namely: at least 10 grams of a mixture and substance containing a detectable amount of butyryl fentanyl, a Schedule I controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); a mixture and substance containing a detectable amount of U-47700, a Schedule I controlled substance; a mixture and substance containing a detectable amount of furanyl fentanyl, a Schedule I controlled substance and an

analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(b)(1)(B)(vi), 841(b)(1)(C), and 841(b)(2).

7. An object of the conspiracy with respect to the defendant BEAUDRY was the possession with intent to distribute and the distribution of controlled substance analogues, as defined in Title 21, United States Code, Section 802(32), knowing that the substances were intended for human consumption, as provided in Title 21, United States Code, Section 813, and were treated as controlled substances in Schedule I of the Controlled Substances Act, namely: a mixture and substance containing a detectable about of butyryl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); a mixture and substance containing a detectable amount of U-47700; and a mixture and substance containing a detectable amount of furanyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), in violation of Title 21, United States Code, Sections 813 and 841(b)(1)(C).

QUANTITY OF FENTANYL ANALOGUE INVOLVED IN THE CONSPIRACY

8. The defendant BEAUDRY knew and reasonably should have foreseen from his own conduct and that of other members of the conspiracy charged in Count One, that the conspiracy involved 10 grams or more of a mixture and substance containing a detectable amount of butyryl fentanyl, a Schedule I controlled substance and analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide).

All in violation of Title 21, United States Code, Section 846.

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

9. Upon conviction of the controlled substance offense alleged in Count One of this Superseding Indictment, the defendant BEAUDRY shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
_____
FOREPERSON

_____
LEONARD C BOYLE
UNITED STATES ATTORNEY

_____
PATRICK J. DOHERTY
ASSISTANT UNITED STATES ATTORNEY